IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| **STEPHANIE BAILEY,**<br><br>**Plaintiff,**<br><br>-v-<br><br>**NC FINANCIAL SOLUTIONS, LLC, UPSTART NETWORK, INC. and UPGRADE, INC.**<br><br>**Defendants.** | Civil Case Number:<br><br><u>CIVIL ACTION</u><br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Identity theft has long been a widespread problem in this country. Over the past decades, identity theft has emerged as one of the fastest growing white-collar crimes in the United States.[1] Millions of Americans annually fall victim to this crime and are required to spend countless hours and untold effort in attempting to undo the resulting harm caused to their credit reports.[2]

2. Plaintiff, Stephanie Bailey, has been the unfortunate victim of identity theft. Specifically, upon information and belief, at least one individual opened accounts with Upgrade, Upstart and NetCredit under Plaintiff's name, without her knowledge or authorization. These accounts have destroyed Ms. Bailey's credit with each of them reporting these accounts negatively.

---

[1] *See, Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 505 (4th Cir. 2007).
[2] Victimization surveys conducted by Synovate for the Federal Trade Commission estimate that, between 1998 and 2003, approximately 27.3 million adults discovered they were the victims of identity theft, with 9.91 million adults discovering they were victims in 2003 alone. *See,* Graeme R. Newman & Megan M. NcNally, *Identity Theft Literature Review* 14 (2005), http://www.ncjrs.gov/pdffiles1/nij/grants/210459.pdf (citing Synovate, Federal Trade Commission— Identity Theft Survey Report 7, 12 (2003), http:// www.ftc.gov/os/2003/09/synovatereport.pdf).

3. Rather than working with Ms. Bailey to rectify this unfortunate situation, each of the Defendants refuse to remove these fraudulent accounts from her credit report, despite the Plaintiff specifically disputing these fraudulent items. Instead, the Defendants have continued to willfully and negligently harm the Plaintiff's credit report by continuing to associate these fraudulent accounts with the Plaintiff, thereby severely impacting Plaintiff's life and her ability to obtain credit.

4. Plaintiff thus brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging NetCredit, Upstart and Upgrade have been negligently, recklessly and knowingly disseminating false information regarding the Plaintiff's credit, namely by continuing to associate Plaintiff with these fraudulent accounts, particularly after the Plaintiff mailed letters to the consumer reporting agencies specifically advising them of this issue and submitting the necessary supporting documentation, which was communicated to Defendants.

5. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

6. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper in this judicial District pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

8. Plaintiff, Stephanie Bailey ("Plaintiff"), is a resident of Wewahitchka, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9. Defendant NC Financial Solutions, LLC ("NetCredit") is a national lender headquartered in Chicago, Illinois.

10. Defendant Upstart Network, Inc. ("Upstart") is a national lender headquartered in San Mateo, California.

11. Defendant Upgrade, Inc. ("Epgrade") is a national lender headquartered in San Francisco, California.

**FACTUAL ALLEGATIONS**

12. Sometime prior to December of 2022, Plaintiff discovered she was the victim of identity theft. Around that same time, Plaintiff noticed that a number of accounts were appearing on her consumer credit reports from Equifax, Experian and Transunion (collectively the "CRAs"), which were opened without her knowledge or authorization to do so. Specifically, a number of accounts with Defendants Upstart, Upgrade and Netcredit. These accounts include:

- Upstart/Finwise account FW2507508;
- Upgrade account 119846431; and
- NetCredit account 32847263.

13. Plaintiff took appropriate action, including completing a sworn FTC Identity Theft Affidavit, in which she listed these accounts as they were appearing on her credit reports despite the fact that they were not hers and she had never opened them.

14. Accordingly, Plaintiff disputed these fraudulent accounts with the CRAs on multiple occasions, including most recently on or about September 19, 2023. In those disputes, Plaintiff clearly advised the CRAs that she was the victim of identity theft, and that this information should be removed and blocked.

15. With those disputes, Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

16. Upon information and belief, Defendants were each notified of these disputes.

17. Following receipt of Plaintiff's dispute, Netcredit refused to investigate, correct or remove the fraudulent NetCredit acount from the Plaintiff's credit files. Instead, that information continued to be reported.

18. Upon information and belief, NetCredit had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

19. Similarly, Upgrade refused to investigate, correct or remove the fraudulent Upgrade account from the Plaintiff's credit files. Instead, that information continued to be reported.

20. Upon information and belief, Upgrade had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so

21. Upstart also refused to investigate, correct or remove the fraudulent Upstart account from the Plaintiff's credit file. Instead, that information continued to be reported.

22. Upon information and belief, Upstart had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

23. Defendants were each notified of the respective disputes, but refused to investigate and/or remove inaccurate reporting.

24. At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

25. Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

26. In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

27. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in her daily life, by the impact that this derogatory information has had on her credit score and her ability to secure credit. For example, Plaintiff has been denied credit due to these derogatory inaccuracies.

28. Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in her daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free

## COUNT I
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 U.S.C. § 1681s-2(b)
## AGAINST NETCREDIT

29. Plaintiff incorporates by reference paragraphs 12-28 as though fully set forth herein.

30. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

31. On or about September 19 of 2023, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by NetCredit.

32. Upon information and belief, NetCredit received notice of these disputes from the credit bureaus.

33. NetCredit was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

34. Even after the Plaintiff properly disputed these accounts with the credit reporting agencies, NetCredit refused to conduct a reasonable investigation and continued inaccurately reporting the fraudulent account on Plaintiff's credit reports.

35. NetCredit's conduct violated section 1681s-2(b) of the FCRA.

36. As a result of NetCredit's conduct, Plaintiff was harmed, as discussed above.

## COUNT II
### FAILURE TO INVESTIGATE DISPUTE
### FCRA, 15 U.S.C. § 1681s-2(b)
### AGAINST UPSTART

37. Plaintiff incorporates by reference paragraphs 12-28 as though fully set forth herein.

38. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

39. On or about September 19 of 2023, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by Upstart.

40. Upon information and belief, Upstart received notice of these disputes from the credit bureaus.

41. Upstart was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

42. Even after the Plaintiff properly disputed these accounts with the credit reporting agencies, Upstart refused to conduct a reasonable investigation and continued inaccurately reporting the fraudulent account on Plaintiff's credit reports.

43. Upstart's conduct violated section 1681s-2(b) of the FCRA.

44. As a result of Upstart's conduct, Plaintiff was harmed, as discussed above.

## COUNT III
### FAILURE TO INVESTIGATE DISPUTE
### FCRA, 15 U.S.C. § 1681s-2(b)
### AGAINST UPGRADE

45. Plaintiff incorporates by reference paragraphs 12-28 as though fully set forth herein.

46. Furnishers of credit information have a duty under the FCRA to investigate disputes

from consumers as to the accuracy of information being reported.

47. On or about September 19 of 2023, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by Upgrade.

48. Upon information and belief, Upgrade received notice of these disputes from the credit bureaus.

49. Upgrade was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

50. Even after the Plaintiff properly disputed these accounts with the credit reporting agencies, Upgrade refused to conduct a reasonable investigation and continued inaccurately reporting the fraudulent account on Plaintiff's credit reports.

51. Upgrade's conduct violated section 1681s-2(b) of the FCRA.

52. As a result of Upgrade's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

53. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages, statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

B. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

C. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

D. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

E. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 21, 2024

By:    /s/ Joseph Kanee
Joseph H Kanee, Esq.
MARCUS & ZELMAN, LLC
4000 Ponce De Leon, Suite 470
Coral Gables, Florida 33146
(786) 369-1122 telephone
(732) 298-6256 facsimile
joseph@marcuszelman.com

*Attorney for Plaintiff*